### No. 10,298.

### Mrs. B. HAUCH vs. J. HERNANDEZ ET AL.

A porcelain factory in the city of New Orleans took fire which communicated to an adjoining saw mill and destroyed it. Held that it was negligence on the part of the owner of the factory to leave the kiln unattended and unguarded from the time they ceased

Hauch vs. Hernandez et al.

feeding the fires, when the heat was 3000 degrees Farenheit until the kiln cooled, which required from 12 to 15 hours.

A porcelain factory or a furnace of any kind requiring a great degree of heat in its operation is dangerous to adjoining properties and requires a decree of care in its management, proportionate to the danger.

APPEAL from the Civil District Court, for the Parish of Orleans, Voorhies, J.

Henry L. Lazarus for Plaintiff and Appellee.

E. Howard McCaleb for Defendant and Appellant.

1. A suit filed on the 24th of November, 1887, to recover damages for a *quasi*-offence, alleged to have been suffered on the 25th of November, 1886, though not prescribed, is a stale claim (40 Ann. 65), subject to an unfavorable suspicion, requiring peculiarly strong and conclusive testimony to sustain it. 39 Ann. 685 ; 35 Ann. 1007 ; 5 Ann. 141 ; 7 Ann. 555 ; 14 Ann. 317 ; 2 Story's Eq. Jurisprudence, section 1520.

2. Without fault there can be no liability for a *quasi*-offence. Laurent, Tome 20 No. 464 ; 24 Ann. 1 ; 11 Ann. 711 ; 15 Wall. 539.

3. In a suit brought by plaintiff to recover damages for the value of buildings destroyed by a fire which originated on the adjacent premises of defendants, the burden of proving negligence is upon the plaintiff, and in case of doubt defendant must be held blameless. *Indubio reus absolvendus*. 2 Troplong Echange et Louage No. 365 ; Marcadé, Tome 6 III. p. 466 ; Laurent, Tome 25, No. 306. et. seq.; Nicolet, Caen, 27 Aout, 1819, S. V. 2, 257 ; Lalanne, Pau, 6 Juill., 1825, S. V. 26, 2, 5 ; Fromont, Nancy, 19 Juill., 1825, S. V. 26, 2, 179, Phénix, Cour de Cassation. 18 Déc. 1827, S. V. 28, 1. 44 ; Tarnaud, Limoges, 23 Nov. 1838; S. V. 39, 2, 405.

4. The fact that a fire originates in a neighboring house does not create a presumption of negligence or imprudence on the part of the owners or occupants ; but on the contrary, it is presumed that every one is diligent and attentive in caring for and protecting his own property from injury and loss. *Incendium quod oritur in domo proxima trahitur ad levissiman culpam inhabitantium, de qua vicinus non tenetur*, parceque chacun est présumé diligent à conserver son bien. ses effets. et d'ailleurs *nec afflicto danda es afflictio*. Duranton. Tome 17, No. 105; Durand, Grenoble. 22 Janv., 1824, S. V. 24, 2, 299 ; Toublant, Paris. 27 Janv., 1824, S. V. 24, 2, 298 : Feuillet, Cour de Cassation. 1er Juill.. 1834, S. V. 34, 1, 559; Duviac, Poitiers. 10 Juin, 1819. S. V. 24, 2, 301 ; Brun. Grenoble, 17 Janv., 1823, S. V. 24, 2, 297.

5. The common law upon this subject coincides with the above principles deduced from the Louisiana Code, the French Code, commentators and Jurisprudence. Blackstone, book III. *228 n [9]; book I, *431 ; 37 Barb. 15 : 22 Barb. 619 ; 44 Barb. 424 ; 11 Metc. 460 ; 8 John. 422; 18 Me. 37 : 70 N. C. 596 ; 62 Me. 289.

The opinion of the Court was delivered by

McENERY, J. The plaintiff brought this suit against the defendants for $7000 damages, the value of a saw mill destroyed by fire, which originated in the porcelain works of defendant and communicated to the property of plaintiff, which was adjoining. The suit is brought under

Articles 2315, 2316, 2317 of the Civil Code. The plaintiff alleges gross negligence on the part of the defendants in the construction of the kiln and surrounding the same by wood work, and that the defendants were negligent in not having said kiln and the furnace sufficiently guarded by watchmen, skilled in their business. That the fire which destroyed her property was the result of gross and criminal negligence upon the part of defendants and their employees in neglecting to take the proper and legitimate precaution in the construction, maintenance and repair of said kiln and in conducting the same by skilled labor, by which negligence and fault of defendants she has been damaged to the amount of the sum claimed in her petition.

The facts as disclosed by the record are that plaintiffs' saw mill was destroyed by fire which was communicated to the same by a fire which originated in the porcelain works of defendants on the morning of the 25th of November, 1886, at 5 o'clock in the morning.

The City Council had authorized the defendants to construct and operate the porcelain factory. The frame woodwork was about ten feet from the kiln.

The decree of heat necessary to bake the ware manufactured by defendants was 3000 degrees Farenheit. At the maximum heat for baking the porcelain the fires are stopped. It requires from twelve to fifteen hours for the kiln to cool. After the kiln had been cooled, the doors are taken down so as to get at the baked ware. The kiln requires constant attention until it has cooled in order to prevent a destruction of the kiln by the intense heat, and the danger of fire to surrounding objects by radiation.

On the 24th the feeding of the fires ceased at 11 o'clock. At 3:30 a. m. of the 25th the doors were taken down and some bricks placed on the outside to cool. At 4 o'clock the watchmen left the factory. The foreman retired to his bed, where he remained until awakened by the firemen. The fire alarm was sounded a short time before 5 o'clock, and the firemen were on the ground about 5 o'clock.

The kiln was well constructed, being laid inside with English fire brick and on the outside with the best of country brick. It had been reconstructed with the best of materials. The equipments for extinguishing fires were about the premises, although the proof is that a part of this equipment was out of order.

The damage suffered by plaintiff is shown to be five thousand dollars. For this amount there was judgment for the plaintiff, from which the defendant appealed.

The defendants in the construction of their works seem to have done

all that was requisite and necessary for the protection of their own and their neighbors' property. They were authorized to erect and operate the factory by the City Council of New Orleans. They were in the pursuit of a lawful occupation, and having adopted all proper and improved methods to prevent fire and to extinguish the same, they could not be held liable without proof of negligence, or omission on their part to use the improved methods in their premises, or the negligence on the part of their servants entrusted with the care and the management of the same.

A porcelain factory, or a furnace of any kind, is dangerous to adjoining properties, and a decree of care in its management is required in propation to the danger it threatens.

The evidence is conclusive that the fire originated in the wood work near the kiln, not more than ten feet from it. It burnt through the sides, and rapidly enveloped the factory, and set fire to the saw mill. It is evident that the fire came from the kiln. There is no other hypothesis, except incendiarism to account for it. This is only a conjecture and must give way to the circumstances which point directly to the origin of the fire from the kiln.

It is shown that the greatest care and watchfullness are required about the kiln from the time of ceasing feeding the fires, when the mouths of the furnaces are closed and the heat is at its intensity, until it is cooled. This is the danger point—and it continues, lessening by degrees until the fire is completely extinguished by gradual cooling.

The fire feeding ceased at 11 o'clock, on the 24th, when the mouths of the furnaces were closed, and the doors were taken down at 3 or 3:30 on the morning of the 25th November, 1886, after which the watchmen left the factory. One of them was an inexperienced hand and had never been employed before that time in attending a furnace. His employment was only temporary, during the sickness of the regular fireman. In a very short time after these employees had left and the foreman retired to his room the building was on fire. When the firemen reached the building there was no one about the kiln; and there was no one up and about the factory. A mere statement of these facts shows great negligence on the part of defendants, in failing to have the kiln and furnace watched and guarded by experienced employees from the time the firing ceased, until it cooled, and in taking the doors of the kiln down at a time when there must have been great heat within it. At this critical time it was abandoned by defendants employees. The defendants are responsible in damages for the injury sustained by plaintiff in the destruction of her saw mill. The evidence supports the judgment appealed from. R. C. C. 2315, 2316, 2317.

Judgment affirmed.