64 307
81 15:

PLANTERS' WAREHOUSE & COMPRESS COMPANY *v.* TAYLOR.

SAME *v.* HOPE CHRISTIAN CHURCH.

Opinion delivered October 9, 1897.

NUISANCE—COTTON COMPRESS.—It is error to instruct the jury upon the theory that a cotton compress is a nuisance because it endangers adjacent property if there was no evidence tending to show that the operation of the compress subjected the neighboring buildings to imminent danger of destruction or damage, or that such danger was a natural and probable consequence of its operation. (Page 309.)

NEGLIGENCE—FIRE.—A compress company is not liable for the loss of adjacent property by fire originating from sparks from its smokestack if, in constructing and operating its compress, it takes such precautions to lessen the danger and prevent injury to adjacent property as a man of ordinary prudence conversant with the business would have taken. (Page 310.)

Appeal from Clark Circuit Court.

RUFUS D. HEARN, Judge.

### STATEMENT BY THE COURT.

The above-entitled actions were brought against the Planters' Warehouse & Compress Company to recover for damages alleged to have been caused by fire from sparks emitted from the smokestack of a cotton compress owned and operated by said company. Both cases rest upon substantially the same facts, and by consent they were tried together in the circuit court before the same jury. On the trial the evidence was conflicting. Some of the evidence tended to support the contention that the fire which destroyed the church building of the Hope Christian Church and the dwelling house of Mrs. Taylor was caused by sparks from the smokestack of the compress company, and, further, that the company was guilty of negligence in using a smokestack without sufficient safeguards to prevent the emission of sparks. On the other hand, there was evidence to the contrary, and tending to show that the fire was not caused by sparks from appellant's smokestack, or through its negligence. The smokestack of the compress company was about 200 feet distant from the church, which first caught fire, and from which the fire spread directly to the house of Mrs. Taylor.

Among other instructions given, the court at the request of plaintiff instructed the jury as follows:

"No. 4. If the jury find from the evidence that it was impossible for the compress company to prevent the emission of sparks from its smoke stack, which endangered adjacent property, after it had exhausted all known appliances to prevent the escape of sparks, then it was negligence to continue the operation of such property in such a place, and the defendant is liable for all damages resulting therefrom by fire." Appellant objected to the giving of this instruction, and, its objections being overruled, saved exceptions. There was a judgment for plaintiff in both cases.

*Greene & Hervey,* for appellants.

There is no evidence that the fire was caused by sparks from appellant's smokestack. 38 Pac. 425; 50 N. W. 730.

Appellants are held to the exercise of only ordinary care in the selection of apparatus and management of business. Negligence must be proved, to make them liable. Cases supra; 13 N. W. 500; 28 Mich. 440; 53 Mich. 60, S. C. 19 N. W. 549; 58 N. W. 630. Dangerous character of defendant's plant is not the sole test of its liability. 37 S. W. 570, S. C. 63 Ark. 65; 50 N. W. 50.

*J. D. Conway, R. B. Williams* and *W. S. & F. L. McCain,* for appellees.

Testimony shows that the fire was caused by sparks from appellant's chimney. A business which necessarily endangers its neighbors is a nuisance, and it is negligence to operate it. Wood, Nuisances, 75; 54 Ark. 209; 35 Ark. 402. Ordinary care is no defense. 165 U. S. 1. Appellants owed greater degree of care on account of priority of appellees. Bishop, Non-Contract Law, 418-419.

RIDDICK, J., (after stating the facts.) In each of these cases there were two disputed questions of fact, which were submitted to the jury for determination. The first question was whether the fire which destroyed the church building and dwelling house was caused by sparks from the smokestack of the compress company. That question was properly submitted, and was answered by the jury in the affirmative. The other question was whether the fact that such sparks were emitted from the smokestack was due to the negligence of appellant company. That question was also determined by the jury in favor of the plaintiff, but the appellant contends that it was not properly submitted to the jury. On this point, the presiding judge, in his charge to the jury, said that it was incumbent on plaintiff to show that the fire was caused by the negligence of the defendant; but in the fourth instruction, set out in the statement of facts, he further stated that if "it was impossible for the compress company to prevent the emission of sparks from its smokestack, which endangered adjacent property, after it had exhausted all known appliances to prevent the escape of sparks, then it was negligence to continue the operation of such property in such a place."

Now, there are certain occupations, certain uses of property, so dangerous to neighboring property that it is unlawful

to carry them on in a populous neighborhood. This would be true of a powder mill, or of an establishment for the manufacture of fireworks, and of other dangerous occupations. But there is nothing in the evidence, so far as we can see, tending to show that the operation of this compress subjected the neighboring buildings to imminent danger of destruction or damage. The danger to surrounding property was not such a natural and probable consequence of its operation as to justify a finding that such business was a nuisance, and unlawful. 1 Wood, Nuisances (3 Ed.), pp. 193, 194.

On the contrary, we think the evidence shows that the operation of the compress was not attended with great or extraordinary danger to surrounding property. It had been operated for several years at the same place with the same buildings surrounding it, and previous to this time there is no claim that any building had been distroyed through its operations.

The defendant company, in operating its compress, was, so far as the evidence here shows, engaged in a lawful business, and can only be held liable by a showing that it, or its employees operating the compress, were guilty of negligence causing injury to the property of plaintiff. The company had the right to operate its compress, and to use steam as a motive power, and to maintain fire for the purpose of generating steam. If, in the use of these means, this property was destroyed without negligence on the part of the company, either in the construction or operation of its compress, then the plaintiff is without a remedy. *Hoyt* v. *Jeffers*, 30 Mich. 181; *Gagg* v. *Vetter*, 41 Ind. 228; *Philadelphia & R. R. Co.* v *Schultz*, 93 Pa. St. 341; *Montgomery* v. *Muskegon Booming Co.*, 88 Mich. 633, 50 N. W. Rep. 729.

But, if the operation of the compress endangered the property of other persons, it was the duty of the compress company, both in constructing and in operating its plant, to take such precaution and use such means to lessen the danger and prevent the injury as a man of ordinary prudence, conversant with the business, understanding its operation and the danger to adjoining property incident thereto, would have used or adopted for the purpose of preventing loss or injury to surrounding property. If the compress was not erected by appel-

lant company, it would still be responsible for any defects therein which, by the exercise of ordinary care, it could have discovered and remedied.   *Hoyt* v. *Jeffers, supra.*

If this compress was erected so near wooden dwellings and churches as to endanger them by sparks from its smokestack, it would seem to be nothing more than ordinary prudence to provide such smokestack with a spark arrester, or to use some other means equally as efficient to prevent the escape of sparks. If necessary to protect adjacent property, ordinary care in such a case might require that, instead of hard wood, the company should use soft wood or coal as fuel, if the latter were found to be less dangerous to adjacent property.   But these were questions for the jury, to be determined under proper instructions.   The evidence on these points was conflicting, and it was for the jury to determine, from all the facts and circumstances in proof, whether the appellant company had been guilty of negligence causing injury to plaintiff's property.

But the instruction complained of leaves out the question of care, and tells the jury that, even if appellants had exhausted all means to prevent the emission of sparks from its smokestack, it was still guilty of negligence, if the operation of its compress endangered the adjacent buildings.   This, as above stated, is not a correct statement of the law, as applied to the facts of this case.   You can hardly build an additional house or chimney in a town or city, where the houses are constructed of wood with shingle roofs, without increasing to some extent the danger from fire to the surrounding houses.   But this increased danger does not make it unlawful for the owner of vacant lots to build houses upon them, nor is such owner liable for damages caused by sparks to adjacent property, unless it appears that he could have avoided the injury by the use of a proper degree of care and precaution.   We therefore conclude that this instruction was erroneous and prejudicial to appellant.

Other objections are urged against the charge of the presiding judge, but, when considered as a whole, we think, with the above exception, it was substantially correct.   For the error indicated the judgment is reversed, and the cause remanded for a new trial.