DODD *v.* READ.

Opinion delivered December 3, 1906.

1. NEGLIGENCE—FIRE.—Operating a steam engine near a combustible dwelling without a spark arrester or other appliance to prevent the escape of sparks is negligence *per se.* (Page 14.)

2. DAMAGES—EXCESSIVENESS.—Where none of the evidence tended to prove that plaintiff's damages exceeded $200, it was error for the jury to find that they amounted to $300. (Page 15.)

Appeal from Howard Circuit Court; *James S. Steel,* Judge; affirmed.

Action by Nannie Read, administratrix of the estate of C. H. Read, against T. J. Dodd & Co. to recover damages caused by destruction of plaintiff's house by fire alleged to have been communicated from a stationary steam engine which defendants were operating.

The plaintiff recovered judgment for $300 damages, and defendants appealed.

*W. C. Rodgers,* for appellant.

1. The verdict was excessive. No witness testified that the house was worth over $200, and the jury could not arbitrarily disregard the testimony and award $300 damages.

2. There is no proof that there are any spark arresters which were not used, yet the court in its first instruction assumes that proper appliances were not used by defendant. The instruction as to "the best and latest appliances," therefore, is abstract, and it was erroneous. 41 Ark. 382; 56 Ark. 457; 61 Ark. 549; 74 Ark. 19; 76 Ark. 348; 70 Ark. 441; 58 Ark. 324.

The second instruction given for plaintiff is open to the same objection, besides assuming that defendants are liable if sparks set fire to the house in the absence of the use of a spark arrester. It is also in conflict with another instruction given for defendants. 54 Ark. 588; 61 Ark. 141; 64 Ark. 332; 65 Ark. 64; 72 Ark. 14; 72 Ark. 440; 76 Ark. 69.; 76 Ark. 224; 91 S. W. 304; *Id.* 759; 92 S. W. 27.

*Feazel & Bishop,* for appellee.

1. It was the province of the witnesses to state facts, and from the facts thus detailed it was the province of the jury to

fix the value of the house. 59 Ark. 105. They were not bound by the opinions of witnesses, if such opinions had been competent. They had the right to consider other evidence tending to estab-. lish the value of the property.

2. The instructions complained of were justified by the proof and the circumstances, and were properly given.

That the mill was permitted to run while the danger was so apparent without spark arrester or appliances of any kind to .prevent the escape of sparks, after their attention had been called to the danger, was gross negligence on the part of appellants, for which they are liable. 30 Mich 181; 34 Wis. 315; 44 Ohio St. 80; 90 N. C. 374; 25 N. Y. 344; 40 Barb. 137; 53 Mich. 607. The burden was on defendants to show due care and diligence in the use of approved appliances to prevent the spread of fire. 90 N. C. 374.

McCULLOCH, J. Plaintiff's house was situated about 70 yards distant from a stave mill operated by defendants, and was destroyed by fire. The testimony was conflicting as to the origin of the fire, the plaintiff's theory being that it was caused by sparks from. the engine, and defendants' theory being that it originated from a defect in the chimney of the house. This question was submitted to the jury on evidence sufficient to sustain a finding either way, and the verdict settled that issue.

The evidence is undisputed that defendants operated the steam engine without the use of a spark arrester or other appliance to prevent the escape of sparks, and the court gave instructions which in effect declared the law to be that they were liable for any damages resulting from fire communicated by the engine on account of such failure to provide a spark arrester or. other appliance. The court, in other words, declared the failure to provide a spark arrester or other appliance to prevent the escape of sparks to be negligence *per se*. Was that correct, or should it have been submitted to the jury to say whether or not it was negligence? We think the court was correct in its instructions. Ordinarily. in this class of cases the question is one for the jury to determine whether proper care has been exercised in providing appliances to prevent the escape of fire; but where, as in this case, no appliances at all have been supplied for that purpose, the court should declare it to be negligence as a matter

of law.   Fire is a dangerous agency, and a person or corporation using steam power in the operation of a lawful business must exercise care to prevent the escape of sparks from the smoke-stack of the engine.   *Planters' Warehouse & Comp. Co.* v. *Tay-lor,* 64 Ark. 307.

Where any effort has been made in that direction, it is always a question of fact for the determination of a trial jury whether or not ordinary care has been exercised, but where no precautions at all have been taken, no safety appliances whatever have been provided, and by reason of proximity there is danger to other buildings, then it follows as a matter of law that proper care has not been exercised, and it is negligence *per se.*   1 Thompson on Negligence, § 742; *Lawton* v. *Giles,* 90 N. C. 374; *Hoyt* v. *Jeffers,* 30 Mich. 181; *Webster* v. *Symes,* 109 Mich. 1; *Hauch* v. *Hernandez,* 41 La. Ann. 992.

It is further contended by appellant that the evidence is insufficient to sustain a verdict for more than $200.

The house was totally destroyed, and several witnesses stated their opinions to be that it was worth about $200.   One witness—the only one introduced by the plaintiff on the question of value—testified that he was a carpenter, was familiar with the house and that, in his opinion it would cost at least $400 to rebuild it.   He gave it as his opinion that the house was worth about $200 at the time it was destroyed.   Other witnesses testified that the house was in good condition at the time it was destroyed, and they undertook to describe its condition in detail to the jury.   Now, the true inquiry was as to the cash market value of the building, or rather the difference between the market value of the property before and after the destruction of the house; and the witnesses who undertook to state the value placed it at $200. It is manifest, however, that the jury disregarded this testimony, and based the amount of the verdict upon the cost of rebuilding the house anew, less the depreciation on account of age and decay. They either did this, or they arbitrarily rejected the opinions of the witnesses as to the value and substituted their own judgment. In either event they exceeded their powers and rendered a verdict inconsistent with the evidence.   It was competent for the witnesses to state their several opinions with reference to the cash value of the building, stating the facts upon which they reached

their conclusions. *Railway Co.* v. *Lyman,* 57 Ark. 512. None of the witnesses who testified on this subject showed any special knowledge of the value of property in that locality, and the testimony, on that account, is far from satisfactory, but the burden was upon the plaintiff to prove the amount of the damages, and the defendant alone reaps all the benefit from the weakness of the testimony. There was no evidence at all that the building was worth $300—all the evidence showed that it was worth only $200—and the jury could not substitute their own judgment for the testimony of witnesses on this point.

The verdict is $100 in excess of what it should have been If the plaintiff shall within fifteen days enter a remittitur as to $100, the judgment as to the remainder will be affirmed; otherwise the judgment will be reversed, and the cause remanded for a new **trial.**