## CHICAGO MILL & LUMBER COMPANY v. ROSS.

Opinion delivered July 10, 1911.

1. NEGLIGENCE—FIRE.—Where a sawmill company burned the refuse from the mill in such manner as to permit fire to be communicated to adjoining property without taking any precautions in that respect, it was guilty of negligence *per se*. (Page 599.)

2. EVIDENCE—OPINION.—In an action to recover damages caused by fire, it was not error to permit plaintiff to testify that he did not know the origin of the fire. (Page 600.)

3. SAME—OTHER SIMILAR INSTANCES.—It was not error, in an action for damages caused by fire alleged to have been negligently set out, to admit evidence of other fires which occurred under circumstances similar to the one under investigation. (Page 600.)

4. SAME—COMPETENCY.—Where plaintiff sued for the negligent destruction of his home by fire, it was not error to permit him to testify as to the number of children he had at the time of the fire, as tending to explain why he could not look after removing his household effects. (Page 601.)

5. APPEAL AND ERROR—WHEN ERROR HARMLESS.—If it was error, in an action for fire loss caused by the manner of operating a refuse burner at a sawmill, to admit evidence as to the construction and operation of such burners at other sawmills, such error was harmless where the manner in which defendant operated its refuse burner was negligence *per se*. (Page 601.)

6. INSTRUCTIONS—REPETITION.—It was not prejudicial error to refuse to give instructions asked by defendant if they were fully covered, in almost the same language, by other instructions which the court gave. (Page 601.)

Appeal from Craighead Circuit Court, Jonesboro District; *Frank Smith*, Judge; affirmed.

*Hawthorne & Hawthorne* and *Coleman & Lewis,* for appellant.

It was error to permit witness Ross to testify that there was no other known cause for the fire. 56 Ark. 585; 66 Ark. 498; Elliott on Ev., § § 672, 675, 686; Greenl. on Ev. § 441b. A witness will not be permitted to state his opinion, and thus usurp the province of the jury. 24 Ark. 253. The testimony was prejudicial. 59 Ark. 111; 49 Ore. 509; 74 Ark. 328.

*Gravette & Alexander* and *Huddleston & Taylor,* for appellees.

The evidence complained of was not admitted for the purpose of serving as a legal standard, but merely as evidential. Wig. on Ev., § 461.

*Hawthorne & Hawthorne* and *Coleman & Lewis,* in reply.

When the evidence tends equally to sustain either of two inconsistent propositions, a verdict in favor of the party bound to maintain one of them against the other is necessarily wrong. 57 Ark. 414; 63 Ark. 82.

McCULLOCH, C. J. The defendant, Chicago Mill and Lumber Company, constructed a large sawmill plant at or near Blytheville, Mississippi County, Arkansas, in the year 1906, and has operated it since that time. In the operation of the mill the wood refuse from the various machines is carried away by means of conveyor chains a distance from the mill sufficient to avoid danger from the spread of fire, and there burned. The burning place is in Pemiscot Bayou, which has sloping banks, and the amount of water therein varies with the season, being sometimes high and sometimes low. In the dry season it gets so low that there is no water between the burning place and the east bank. The burning place is encircled by a row of piling driven in the water, the circle being about 50 feet in diameter, to prevent the refuse from floating away while it burns. It has no screen or other covering over it and has no wall of any kind around it except the row of piling. The pile of burning refuse ordinarily reaches about 35 feet in height.

The plaintiffs, G. W. Ross and wife, owned a dwelling house situated near the bank of the bayou 543 feet distant in a northeasterly direction from the burning place, and in January, 1910,

the house and contents, consisting of household furniture, bedding, kitchen and dining room ware, groceries and wearing apparel, were totally destroyed by fire. They instituted this action against the defendant to recover the value of said property, alleging that the fire was caused by live coals or sparks blown by the wind from the burning refuse. Negligence of the defendant is charged in operating the burning place in such manner as to permit fire to be communicated to adjoining property.

The defendant answered, denying all the allegations of the complaint, and a trial before a jury resulted in a verdict in favor of plaintiffs for the sum of $2,875 damages.

The first contention of counsel for defendant in their effort to secure a reversal of the judgment is that the evidence is insufficient to sustain a finding that the fire was communicated from the pile of burning refuse or that the defendant was in anywise negligent in operating the burner. Each party introduced a large number of witnesses on this issue. The fire occurred about the noon hour, just after dinner. There was no fire in the house except in the kitchen stove, and, according to plaintiff's evidence, the house was discovered on fire in the roof in the middle of the west side of the building, which was the side toward the burning refuse. Defendant's witnesses testified that the fire was discovered on the east side of the house, which was the side opposite from the burning refuse, and the defendant offered other testimony which tends to establish the fact that the fire was not caused by a spark or coals from the burning refuse, but that all the doors were shut and the windows were down, and that the fire must have come from some other source. The jury has, however, settled that conflict in favor of plaintiffs, and we are of the opinion that the verdict is well supported by the testimony. The only opportunity for fire to reach the building was from the burning refuse or from the kitchen flue. The evidence tends to show that there was a strong wind blowing toward the house from the direction of the pile of burning refuse, and it also tends to show that the kitchen flue was in good condition. Taking all the circumstances together, we think the reasonable inference is to be drawn therefrom that the fire was set out by live coals or sparks from the refuse pile. *Railway Company* v. *Dodd,* 59 Ark. 317; *St. Louis, I. M. & S. Ry. Co.* v. *Coombs, 76*

Ark. 132. The evidence also warrants the finding that defendant was guilty of negligence in burning the refuse at the place and in the manner shown. In fact, it might be said that the method of burning the refuse constituted negligence *per se*, if it was in close enough proximity to other property liable to be ignited by sparks. *Planters' Warehouse & Compress Co.* v. *Taylor*, 64 Ark. 307 ; *Dodd* v. *Read*, 81 Ark. 13. According to the testimony, the pile of burning refuse was at times 35 feet high, and no precautions whatever were taken to prevent the escape of sparks. It had no wall around it except the circle of piling, and no screen over it. Fire is known to be a dangerous agency, and those who use it in the operation of lawful business are required to exercise ordinary care to prevent the escape of sparks ; and where no precautions whatever are taken in that respect, it follows as a matter of law that it constitutes negligence *per se*.

Error of the court is assigned in permitting counsel to propound, and plaintiff G. W. Ross to answer, the following question :

"Q. State if there was any known cause of the origin of the fire to your knowledge ? A. None to my knowledge at all."

It is insisted that the question called merely for an expression of the opinion of the witness. But in this we think that learned counsel are mistaken. It was perfectly competent to show by the testimony of any witness all the surrounding circumstances and for him to state any fact which tended to show whether or not there was any cause for the origin of the fire other than the burning pile of refuse. The question called, not for an expression of opinion, but for a statement of any fact within the knowledge of the witness which tended to show the origin of the fire. It is true the question is inaptly framed. It might appear under some circumstances to call for an expression of opinion, but the witness had at that time explained all the circumstances concerning the fire, and the question and answer can only be reasonably interpreted as referring to facts which might throw some light on the subject under investigation ; that is, the origin of the fire. It was the same as if the witness had been asked to state any other facts within his knowledge concerning the origin of the fire. That did not call for an expression of opinion, but for a statement of fact, and we can not see that

any prejudice resulted from the form of the question. The witness pretended to tell all that he knew about the origin of the fire, and it was obvious that in giving the answer to the question he did not mean to express an opinion upon the state of facts related.

Objection was also made to the plaintiff, G. W. Ross, and other witnesses testifying to other property being destroyed on the same day and at other times from fire communicated from the refuse pile. The court correctly limited this testimony to fires which occurred under circumstances similar to the one under investigation, and as .thus limited the testimony was not incompetent. It tended to explain the origin of this fire and also to establish negligence on the part of the defendant in not taking some precautions to prevent the spread of fire from the refuse pile. Defendant was bound to have known of the other fires if they occurred there within a short distance of the mill. A fire under those circumstances becomes a matter of such notoriety as not to be overlooked by persons in the immediate locality.

Another assignment of error is that the court, over defendant's objection, permitted plaintiff Ross to testify as to the number of children he had at the time of the fire. This testimony was offered for the purpose of showing that 'the plaintiff had several children whose safety had first to be looked after before attention could be given to removing the property, and that therefore the plaintiff was not guilty of negligence in failing to remove it. While the testimony was of very little probative force, it was competent for that purpose, and was not prejudicial.

Defendant also complains of the ruling of the court in permitting witness Rodgers to testify as to the construction and operation of refuse burners at other large mills throughout the country. But, as we have stated that it constituted negligence of itself to operate the burner in this manner, no prejudice could have resulted from the testimony referred to if we treated it as incompetent.

The court refused to give two of the instructions requested by defendant, but they were fully covered, in almost the same language, in other instructions which the court gave. No prejudice, therefore, resulted from refusing to give those two.

There are other assignments which we do not deem to be of sufficient importance to discuss.

The record is free from error, and the judgment is correct, so the same is affirmed.