## KARR v. BOWEN.

### Opinion delivered April 16, 1917.

1. APPEAL AND ERROR—SUFFICIENCY OF EVIDENCE—TEST.—In testing the sufficiency of evidence to support a verdict, the highest probative value will be given the evidence, of which it is susceptible, together with all inferences reasonably deducible therefrom.

2. NEGLIGENCE—SETTING BUILDING ON FIRE.—The evidence held sufficient to sustain a verdict in plaintiff's favor, where he brought an action against defendant for damages for the negligent setting on fire of plaintiff's house.

3. NEGLIGENCE—SETTING OUT FIRES—PROOF.—Proof of setting out fires may be made by the proof of circumstances from the existence of which the origin of the fire may be reasonably inferred.

Appeal from Mississippi Circuit Court, Osceola District; *J. N. Thomason,* Special Judge; affirmed.

The appellant *pro se.*

1. No negligence is shown, hence no liability. The liability of appellant for damages under the court's instructions can only lie after the jury has found that the house was destroyed by a spark from the smoke stack of the boat and that the emission of said spark from the boat was due to negligence on the part of appellant. The evidence does not justify the verdict.

*S. L. Gladish,* for appellee.

There is evidence that the sparks from the engine caused the fire; that due diligence was not used. The jury were properly instructed. There is no error. 81 Ark. 13; 64 *Id.* 307; Thompson on Negl. 742; 90 N. C. 374; 30 Mich. 181; 109 *Id.* 1; 41 La. Ann. 992.

SMITH, J.   This appeal questions only the sufficiency of the evidence to support the verdict returned in appellees' favor to compensate the damages sustained as the result of the burning of a tenant house alleged to have been set on fire by the emission of sparks from a dredge-boat operated by appellant's employees.   It is conceded that the instructions correctly declared the law, and they were as favorable to appellant as he could have asked. It is only contended that the jury disregarded these instructions in their application to the facts of the case.   In testing the sufficiency of the evidence to support the verdict, we, of course, give it the highest probative value of which it is susceptible for that purpose, together with all inferences reasonably deducible therefrom.

It is said that the undisputed proof shows that appellant had been a builder of engines and was an experienced operator of dredge boats, and that he had used an engine of the kind in use on the dredge boat in question for twenty years without having ever set out a fire, and that the exhaust from the engine was so slight that the draft in the smokestack was insufficient to throw off sparks, and it had been found unnecessary prior to this fire to use a spark arrester, although it was shown, without objection, that one was placed over the top of the stack immediately after the fire.   In support of the judgment, however, it was shown that the house was burned about noon, and that no one had been in the house since early in the morning and that there had been no fire in the house after the departure of the occupants.   That the wind was blowing from the direction of the dredge boat towards the house, and that the fire was first discovered on the corner of the porch on the side next to the dredge boat.   A witness testified that before the spark arrester was put in use, he had seen sparks flying from the stack, and the dredge boat was shown to have been only seventy-five feet from the house when the house burned.

While no witness testified that he saw any sparks flying from the smokestack which fell on the roof of the

house, we think the circumstances recited above warranted the inference that the fire had originated in this manner. And proof of setting out fires may be; and frequently is,·made by the proof of circumstances from the existence of which the origin of the fire may be reasonably inferred. *Chicago Mill & Lbr. Co.* v. *Ross,* 99 Ark. 597, and cases cited.

The judgment is, therefore, affirmed.