MARIANNA ICE & STORAGE COMPANY *v.* GILL.

Opinion delivered April 12, 1920.

1. NEGLIGENCE—FIRE FROM SMOKESTACK.—Where, before appellant installed spark arresters in its smokestack, large live coals would be blown upon adjacent property, and where plaintiff's house near defendant's plant was burned by a fire starting on the roof at a time when the spark arresters were not in place, and no other probable origin of the fire was suggested, a finding that the fire was started by sparks from defendant's smokestack will be sustained.

2. TRIAL — APPLICABILITY OF INSTRUCTIONS.—Where the evidence showed that defendant had properly equipped its smokestack with spark arresters, instructions which based defendant's liability upon defective construction were properly refused.

3. NEGLIGENCE—FIRE PREVENTION.—One using steam power in a plant located so close to other property that fire may be communicated from it must take precautions to prevent the setting out of fire, and the sufficiency of such precautions is a question for the jury, but a failure to take any precaution is negligence as a matter of law.

4. DAMAGES—DESTRUCTION OF HOUSE.—Where the only testimony as to the value of plaintiff's house totally destroyed by fire was that it was worth $2,200 before the fire, that it was twenty-seven years old, had had $300 of repairs a year before the fire, and that a new house could be built for $2,200, a verdict for $1,200 made a sufficient deduction for depreciation.

Appeal from Lee Circuit Court; *J. M. Jackson,* Judge; affirmed.

*R. D. Smith* and *R. B. McCulloch,* for appellant.

1. The verdict is contrary to the law and the evidence. The facts proved are insufficient to support a causal connection between the alleged negligence of appellant and the damage to appellee's property. The fact that cinders and sparks were emitted from the smokestack some time in the past is not sufficient foundation upon which the jury could presume that such was the case on this particular occasion. These facts were too remote.

2. The verdict is contrary to law, as the evidence shows that the jury did not base the amount of damages on the testimony offered at the trial. 81 Ark. 13.

3. The court erred in giving instruction No. 2 for appellee; also in giving No. 3. 89 Ark. 522; 29 Cyc. 645; 79 Ark. 496. The rule as to the measure of damages is laid down in 36 Ark. 205; 64 *Id.* 307; 20 Mich. 181; 41 Ind. 228.

*Daggett & Daggett, J. A. Comer* and *J. A. Watkins,* for appellee.

The evidence fully sustains the verdict and there was no error in the instructions. 81 Ark. 13; 64 *Id.* 307. The appeal here is taken for delay merely, as there is no error.

SMITH, J. Appellant operates an ice plant in the city of Marianna, and was shown to have generated steam by using what was known as "hog wood," which is refuse from saw mills cut into small pieces so that the pieces could be used for fuel. Frequent complaint had been made about the flying sparks emitted from the smokestacks at appellant's plant, and a spark-arrester was installed, which apparently remedied the trouble. But about three weeks after the installation of the arrester sparks emitted from this smokestack ignited appellee's house, which was only about one hundred feet away, and damaged it, and this suit was brought to recover that damage, and a judgment on that account was rendered in the sum of $1,200.

Two witnesses testified that on the day of the fire the spark-arresters were up; and there appears to be no denial or explanation of that statement. So that the undisputed testimony appears to be that at the time of the fire no device, or means of protection, was in use to prevent the emission of sparks.

The sufficiency of the testimony to support the finding by the jury that the fire was set out by sparks from appellant's smokestack is clear. Witnesses testified that before the arresters were put in place live coals as large as one's thumb or finger would be blown from the smokestack upon the adjacent property; and the chief of police testified that the fire in question started on the roof, and

that after the fire on that part of the roof where the fire started had been extinguished the joists running across to which the ceiling was fastened were not burned. And no other probable origin for the fire was suggested.

Over appellant's objection, the court gave the following instruction: "No. 2. If you find from the evidence that defendant, Marianna Ice & Storage Company, had equipped its smokestacks or chimneys with a wire netting over the top or opening, and you further find that the wire netting, when in place did prevent the escape of sparks or fire, and you further find that when said netting was not in place over the top of said smokestack the sparks and fire did escape, and further find that at the time the house of plaintiff was burned or set on fire, said wire netting was not in place over the top of said smokestack and defendant's plant was in operation, and you believe sparks or fire from its smokestack did start the fire which destroyed plaintiff's building, then your verdict will be for the plaintiff in such amount as you may find from the evidence to have been the value of her house so destroyed with six per cent. interest from the date of the fire."

Appellant requested an instruction, which was refused by the court, which directed the jury to find for the defendant unless there was a finding that the defendant had failed and neglected to properly equip its smokestacks with guards or spark-arresters; and another instruction was requested, and refused, which told the jury that before defendant could be found liable there must first be a finding that defendant failed in the construction and operation of its plant to take such precaution to prevent injury to adjacent property as a man of ordinary prudence conversant with the business would have taken.

No error was committed in refusing these instructions, for the reason that the question presented by the testimony was not one of negligence in the construction of the plant, nor in the failure to properly equip the smokestack with spark-arresters, but in leaving the spark-arresters up or out of place, and it appears to be undis-

puted that appellant was guilty of this negligence. So that on the day in question, it appears that the means of fire prevention which had been provided were not being employed, and the only question for the jury, therefore, was whether the fire was communicated from appellant's plant, and the instruction set out above submits that question to the jury.

The law is settled that one using steam power in a plant located in such proximity to other property that fire may be communicated from it must take precautions to prevent the setting out of fire; and when any precautions are taken the sufficiency thereof presents a question for the jury; but if no precautions are taken then negligence will be said to exist as a matter of law. *Dodd* v. *Read,* 81 Ark. 13.

It is asserted that in assessing the damages, the jury returned a verdict which is not based upon the testimony offered at the trial. A witness named Hampton appears to have been the only witness examined upon that subject, and that the house was something more than twenty-seven years old, and that about a year before the fire Hampton had made $300 worth of repairs on the house, and he estimated its value before the fire at $2,200. Appellee employed him to make an estimate on rebuilding the house, and he was of the opinion that no credit or deduction should be made in estimating the cost of replacing the house on account of the value of the portion which remained, as he regarded it as practically worthless. He stated, however, that a new house could be built at a cost of $2,200. According to these figures, the jury made a deduction for depreciation on account of age of a thousand dollars; and we are unable to say that the verdict returned was excessive.

No error appearing, the judgment is affirmed.