## PINE FORD, INC., *v.* Leon SHANKLE

75-77                                    528 S.W. 2d 392

Opinion delivered October 20, 1975

*Brown, Compton & Prewett*, for appellant.

*Streett & Faulkner*, for appellee.

George Rose Smith, Justice. On the afternoon of February 7, 1974, the appellee left his pick-up truck at the appellant's service department, for repairs. During the night the shop burned, destroying the truck and its contents. Shankle brought this action for damages, alleging both

specific acts of negligence and *res ipsa loquitur. Moon Distributors* v. *White,* 245 Ark. 627, 434 S.W. 2d 56 (1968). In appealing from a $2,924.50 verdict for the plaintiff, Pine Ford contends that the case should not have been submitted to the jury and that the court erred in admitting certain testimony.

The court correctly submitted the case to the jury, upon both theories. In a similar situation we have held the doctrine of *res ipsa loquitur* to be applicable. *Megee* v. *Reed,* 252 Ark. 1016, 482 S.W. 2d 832 (1972). There was also adequate proof of specific negligence. A former Pine Ford employee testified that oily rags were allowed to accumulate at the shop, that gasoline was kept in an open container, that used oil was poured into a drain with bars across it, and that there were overhead gas heaters with pilot lights. There was also proof that a city ordinance governing the storage of oily waste and rags was violated. Such testimony presented an issue for the jury with regard to specific negligence.

Upon the second point the city fire chief testified as an expert witness that he examined the premises immediately after the fire but could not determine with any certainty the cause of the fire. The trial judge withdrew that testimony from the jury's consideration, adding: "I've taken from the jury's consideration this man's opinion that the fire was of undetermined origin or anything else about his opinion as to the cause of the fire."

The court was mistaken in his assumption that all testimony about the cause of a fire is inadmissible. In *Williams* v. *Lauderdale,* 209 Ark. 418, 191 S.W. 2d 455 (1945), we said that the cause of a fire is ordinarily not a matter upon which an expert opinion is admissible, but we stated that the reason for the rule is that expert testimony should be excluded when the issue is one about which ordinary jurors are fitted to draw correct conclusions from the evidence. Thus we also recognized by implication the possibility that in some situations expert opinion about the cause of a fire would be admissible.

Neither aspect of the rule is really present in the case at bar, for the fire chief testified that he could not determine

with certainty the cause of the fire. That was not an expression of opinion but a statement of fact, rather like the one considered in *Chicago Mill & Lbr. Co.* v. *Ross*, 99 Ark. 597, 139 S.W. 632 (1911). Such a statement of fact is admissible and should not have been excluded in the case at bar, because counsel for the defendant was entitled to use it in arguing his case to the jury.

Reversed.

FOGLEMAN, J., concurs. ROY, J., not participating.

JOHN A. FOGLEMAN, Justice, concurring. I concur in the result because I agree that there was error in the exclusion of the testimony of the fire chief.

I must add that I concur only because of *Megee* v. *Reed*, 252 Ark. 1016, 482 S.W. 2d 832, and the fact that the reversal on the exclusion of evidence did dictate a new trial. I still am unable to accept the holding that the doctrine of res ipsa loquitur is applicable in a case such as this. And until there is at least some reliable empirical data to support the presently untenable assumption that fires in a building do not ordinarily occur in the absence of negligence on the part of the person in control of a building, I will find it difficult. It may well be that data available would show that the majority of fires are caused by someone's negligence. But I have been unable to find anything that would indicate that even the majority of negligent fires are caused by negligence of one in charge of the building where the fire occurred. If the fire is attributable to defective electrical wiring, burning cigarettes, defective appliances or equipment or other such causes arising from negligence, it is just as probable that the negligence was that of someone else as it is that the negligence was attributable to the person controlling the premises. Since I am not aware of any indication to the contrary, I must adhere to the views expressed in my dissent in *Megee*. I further disagree with the premise that there was a jury issue on specific negligence, because I find no evidence that the negligence relied on was the proximate cause of the fire.

The net result of *Megee* and this case gives rise to a

presumption that a bailee of personal property stored on his premises insures it against fire loss or damage.