JOHANNES RAUCHE, by his next friend, JACOB STEIN, *vs.* FERDI-NAND BLUMENTHAL and JULIEN STEVENS ULLMAN, trading as F. BLUMENTHAL AND COMPANY.

*Costs ; Security for—Affidavit—Defense, Not Guilty, not suffi-cient—Plaintiff—Next friend ; Party Responsible—Calen-der of Case for trial by General Jury ; Special Jury then by Consent only—Practice.*

1. In an application for security for costs, the affidavit alleged that the nature and character of the defense was "not guilty." *Held* that the defense was not suffi-ciently set out.

2. In a suit by next friend, the next friend is the responsible party in this court.

3. After a case is calendered to be tried by a general jury, it cannot be tried by a special jury except by consent.

*(February 5, 1904.)*

LORE, C. J., and BOYCE, J., sitting.

*Robert H. Richards* and *Walter H. Hayes* for plaintiff.

*Saulsbury, Ponder* and *Curtis* for defendant.

Superior Court, New Castle County, February Term, 1904.

ACTION ON THE CASE (No. 100, February Term, 1903.)

The defendant filed an affidavit alleging that the plaintiff, Johannes Rauche, was a non-resident of the State of Delaware; that the defendant had a good and sufficient defense to the above action, the nature and character of which defense was " not guilty, in the manner and form as charged in plaintiff's declaration "; and upon said affidavit asked for a rule for security for costs upon the plaintiff.

*Mr. Hayes*:—I object to the affidavit on two grounds:

*First.*—Because "not guilty" is an insufficient statement of the defense.

*Second.*—Because the next friend is the real party so far as costs are concerned.

> *14 Ency. Pl. and Prac., 1034;* Title,—" Costs, Fees and Allowances."

LORE, C. J. :—We think the defense is not sufficiently set out. You must state such facts as will enable the Court to judge as to whether it will be sufficient. As to the second objection, the next

friend is the responsible party in this court. We hold that the affidavit is insufficient.

*Mr. Ponder :*—I ask for a special jury in this case.

*Mr. Hayes :*—I object. The application comes too late.

LORE, C. J. :—The case is calendered on the third of February to be tried by a general jury. You have elected and fixed your status on the calender, and under our practice we do not change that except by consent.

We therefore refuse your application for a special jury.