## WARDLAW *v.* HERRINGTON *et al.*

1. The order appointing the receiver conferred upon him only the authority to complete a sale already. negotiated, collect the purchase-money, and disburse the same under the direction of the court. The applicants for the order of sale being in possession of the property, it was not contemplated that the receiver should take charge of the same or collect the rents.

2. The court correctly held that the respondents were not in contempt.

Argued June 4,—Decided July 5, 1906.

Attachment for contempt. Before Judge Pendleton. Fulton superior court. April 21, 1906.

In June, 1900, Sandy Wardlaw and Jane Wardlaw, his wife, brought a petition to the superior court of Fulton county, reciting the following facts: In 1880, a certain lot of land on Foster street in the city of Atlanta was set apart to petitioners as a homestead. Shortly thereafter, by order of court, said land was sold, and the proceeds invested in a lot of land on Daniel street, in Atlanta, Ga., of which petitioners are now the owners. All the children of petitioners have reached the age of twenty-one, and petitioners desire the said land sold for the purpose of paying certain tax liens, the balance to be reinvested for their benefit. It was further alleged that A. P. Herrington and O. E. & M. C. Horton had agreed to purchase the property at a named price; and the prayer was that a receiver be appointed to sell the property to these parties at named sums. V. A. Batchelor was appointed receiver, and directed to sell the property to the parties named in the petition at the prices therein set forth, pay the tax liens, and hold the balance subject to the order of the court. In February, 1906, V. A. Batchelor reported to the court that the sale to the parties named in the order had failed, and prayed to be discharged. In the same month the heirs at law of Sandy Wardlaw brought a petition reciting the foregoing facts; and also alleging that Sandy Wardlaw had died, that

A. P. Herrington had taken possession of the property and was collecting rents therefrom, and as said Herrington had notice of the foregoing proceedings, he was in contempt of court. Petitioners alleged that the appointment of Batchelor as receiver directed him to take possession of the property. They prayed that a receiver be appointed to succeed Batchelor, with instructions to demand possession from Herrington, and collect the rents from the property, to be disposed of under order of court. The court discharged Batchelor, and appointed Harvey Hatcher receiver, with directions as prayed. Hatcher reported a demand upon Herrington for possession, a refusal by him to pay over the rents collected; and further reported that Herrington had sold the property to Robert Stevenson, and that Stevenson had refused to surrender possession. Thereupon the heirs at law of Sandy Wardlaw petitioned for a rule to be issued against Herrington and Stevenson, directing them to show cause why they should not be adjudged in contempt. Herrington answered the rule, alleging that he had taken possession of the property under tax deeds, that the time for redemption had expired, and that he also held quitclaim deeds from the heirs at law of Sandy Wardlaw to the property, and that he had sold the same to Stevenson. Stevenson adopted Herrington's answer. After a hearing the court revoked the order appointing Hatcher receiver, and directed that all rents collected by Hatcher as receiver should be turned over to the defendant, Robert Stevenson. To this ruling the petitioners excepted.

*Burton Smith* and *J. A. Branch,* for plaintiffs.

*Culberson & Johnson,* for defendants.

COBB, P. J. (After stating the foregoing facts.) The only question in this case is whether the order appointing Batchelor receiver directed him to take possession of the property and hold it under the direction of the court. If the order can not be given this construction, there is nothing to suggest contempt of court upon the part of Herrington and Stevenson. A reading of the order, the substance of which is set out in the statement of facts, readily shows that the duties of Batchelor were really those of a commissioner to sell. He was directed to sell the property at a named price to named parties. He was given no discretionary powers, and it was not contemplated that he should take possession of the property. The court below properly revoked its order ap-

pointing another receiver to take possession of the property, and properly held the defendants not to be in contempt.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*