McFARLAND v. SAYEN

NEGLIGENCE — SETTING FIRES BY ENGINES — USE OF SPARK
ARRESTER—QUESTION FOR JURY.
  Where, in an action for negligently setting fire to plaintiff's
  farm buildings by sparks from a traction engine, the ques-
  tion of whether defendant used an efficient spark arrester,
  *held,* under conflicting testimony, to have been properly sub-
  mitted to the jury.

Error to Delta; Stone, J. Submitted April 16, 1909.
(Docket No. 74.) Decided April 24, 1909.

Case by Matthew McFarland against Joseph E. Sayen
for negligently setting fire to plaintiff's buildings. There
was judgment for plaintiff, and defendant brings error.
Affirmed.

*Arthur H. Ryall,* for appellant.

*Cummiskey & Spencer,* for appellee.

Plaintiff recovered verdict and judgment for $600 for
the destruction of his farm buildings by fire, alleged to
have been caused by sparks from a traction engine of the
defendant. The negligence alleged is that the defendant
was running said engine along the highway past plain-
tiff's buildings, "without having a hood or spark arrester
on said engine sufficient to prevent the escape of sparks of
fire, or did not in any way prevent sparks of fire from
escaping from the smokestack of said engine." The duty
to have such a spark arrester is alleged. Three errors are
assigned:

(1) The court erred in charging the jury that, as a mat-
ter of law, it was the duty of the defendant to have an
efficient spark arrester or hood on the engine at the time
the fire occurred, and to entirely prevent the escape of
sparks.

(2) The refusal of the court to direct a verdict for defendant.

(3) The refusal to grant a new trial for the reason that the verdict was against the weight of evidence.

GRANT, J. ( *after stating the facts* ).   1. Assignments 1 and 2 may be disposed of by saying that there was a sharp conflict in the evidence upon the question whether the defendant had a hood or spark arrester on the smokestack when it passed the plaintiff's house and stood within about 20 feet while taking on water.   A boy seven years old at the time of the fire, and nine at the time of the trial, was riding upon the engine, and testified positively that the screen or spark arrester was lying on the wood upon the engine at the time.   Plaintiff also produced other evidence upon this point.   The defendant produced evidence to the contrary.   This question of fact was properly submitted to the jury, and we are unable to find that there was even a preponderance of evidence in favor of the defendant.

2. The court did not instruct the jury that it was the duty of the defendant to have a spark arrester sufficient "to entirely prevent the escape of sparks."   The court instructed them that it was the duty of the defendant to have an efficient spark arrester, such as " were ordinarily used."   He called the attention of the jury to the contention on the part of the plaintiff that there was no spark arrester upon the smokestack, and to the contention of the defendant that there was.   No evidence was given, and the record does not bear evidence that any claim was made, that the spark arrester which the defendant had was not such as the law requires.   Was it in use at the time ? was the question to which the evidence was directed, and was the sole issue on this branch of the case.   No such issue is presented here as was presented in *Cheboygan Lumber Co.* v. *Transportation Co.*, 100 Mich. 16, where the claim of the defendant was (and it gave evidence to sustain it) that it used other appliances which rendered the

use of a screen or spark arrester unnecessary. The negligence here charged is the failure to use a spark arrester. The defendant by its plea asserted that it did use one. Under this record the failure to use it was negligence, and the jury properly so decided.

The judgment is affirmed.

BLAIR, C. J., and MONTGOMERY, .McALVAY, and BROOKE, JJ., concurred.