GARDENER W. SHOCKLEY *vs.* ROBERT McCULLOUGH.

1. NEGLIGENCE—EVIDENCE—PRESUMPTIONS—BURDEN OF PROOF.
   One suing for negligence has the burden of proving it.

2. NEGLIGENCE—STEAM THRESHING OUTFIT—CARE REQUIRED.
   One using a steam threshing machine in threshing grain must use such care as a reasonably prudent person would use under the circumstances to prevent spread of fire.

3. NEGLIGENCE—STEAM THRESHING OUTFIT—CARE REQUIRED.
   Where one engages another to thresh his wheat with a steam threshing machine, the latter impliedly agrees to use reasonable care commensurate with the situation to prevent the loss of property by fire.

4. NEGLIGENCE—OPERATING TRACTION ENGINE WITHOUT SPARK PROTECTORS.
   One operating a traction engine in violation of 25 *Del Laws, c.* 243, requiring operators of engines to provide them with spark protectors, is guilty of negligence *per se*; but, to justify a recovery for a loss of property by fire set by sparks, it must appear that the loss was proximately caused by such negligence.

**5.  NEGLIGENCE—DESTRUCTION OF PROPERTY BY FIRE—CONTRIBUTORY NEGLIGENCE.**

Where plaintiff, employing defendant to thresh his wheat with a steam threshing machine and knowing the danger, insisted that the engine, not equipped with a proper spark protector, should be placed dangerously near a stack of wheat, which was destroyed by fire, he was guilty of contributory negligence.

**6.  EVIDENCE—CONFLICTING EVIDENCE—QUESTION FOR JURY.**

The jury must reconcile the conflicting evidence, and where they cannot do so they must accept the part which they believe worthy of credit, taking into consideration the fairness of the witnesses and their intelligence and knowledge.

(*November* 16, 1911.)

Judges BOYCE and RICE sitting.

*Julian C. Walker* for plaintiff.

*William S. Hilles* and *Robert H. Richards* for defendant.

Superior Court, New Castle County, November Term, 1911.

ACTION on the case to recover damages to wheat and straw from fire caused by sparks emitted from a traction engine alleged to be owned and operated by the defendant. The wheat and straw were destroyed at the time of the threshing. The defendant admitted that he was the owner of the engine and thresher at the time of the accident, but denied that he was in the control and management thereof at the time—his claim being that he had leased the engine and thresher to another who was engaged by plaintiff to thresh his wheat.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This action was brought by Gardener Shockley, the plaintiff, against Robert McCullough, the defendant, to recover damages for the destruction of wheat and wheat straw by fire alleged to have been occasioned by the negligence of the defendant, at the time he was engaged in threshing the plaintiff's wheat. The plaintiff variously charges in his declaration in substance that the defendant, being the owner of a steam traction engine and thresher, did on the twenty-seventh day of August, A. D. 1910, when threshing the plaintiff's wheat, in this county, (1) negligently use and operate the engine without having attached to the smokestack thereof a suitable and suffi-

cient spark catcher or spark protector; (2) that he did so use and operate his said engine without any spark catcher or protector; (3) that he did so suffer and permit his said engine to be used and operated without a suitable or sufficient spark catcher or protector; (4) that he did so use and operate his said engine without a suitable and sufficient spark catcher or spark protector of a conical or funnel shape and of a heavy wire material and of a mesh not larger than one-eighth of an inch, without having the smokestack of the engine securely protected by such spark protector, contrary to an act of the General Assembly of this state; (5) that he so did suffer and permit his said engine to be used without having securely attached to the smokestack thereof a suitable and sufficient spark catcher or protector as last described, according to said act of assembly; and (6) that he did both use and permit his said engine to be used without having such protection as last mentioned against an act of the General Assembly, whereby and on account thereof it is alleged that divers sparks and portions of fire and igneous matter passed and blew out of said engine and smokestack and was communicated to two stacks of wheat and straw, containing a large quantity both of wheat and straw which were and became ignited and set on fire, so that one of said stacks of wheat and straw was totally burned and destroyed and the other of said stacks was and became damaged and rendered of much less value to the plaintiff than it otherwise would have been, whereby the plaintiff alleges that he has sustained damages and for which he has brought this action. These allegations briefly state the plaintiff's claim which you are called upon to consider. You have all the evidence before you, and we shall not attempt a detailed statement thereof.

The defendant admits that he was the owner of the engine and thresher at the time of the alleged accident, but he denies that he was in control of or was operating the same at the time of the accident. On the contrary, he claims that he had rented the engine and thresher to one Wesley Russell for the entire threshing season; that Russell and not he was in the control, possession and management of the engine and machine as lessee; and that he had nothing whatever to do with threshing plaintiff's

wheat. It is further insisted on the part of the defendant that the plaintiff, against the warning of Russell as to the danger of fire, had the latter to set the engine between the said two stacks of straw and very close to one of them so that he might thresh some wheat in the barn first, and that the plaintiff sent Russell into the barn and was himself in charge of the engine at the time the larger of the two stacks was discovered to be on fire, and it is urged that if you believe this testimony the plaintiff assumed the risk and was guilty of contributory negligence which proximately entered into the accident, and that he cannot therefore have a recovery.

The plaintiff denies that he gave any directions as to the placing of the engine, or that he was in charge thereof at the time of the discovery of fire in the stack.

[1] This is an action for negligence charged against the defendant. If you should find there was no negligence on the part of the defendant, the plaintiff cannot have a recovery. Negligence is never presumed. It must be proved, and the burden of proving it is upon the plaintiff.

[2] A person engaged in using a steam threshing machine in threshing wheat is required to use that degree of care and prudence commensurate with the danger to which property is necessarily exposed by him in the use thereof—that is, such care as a reasonably prudent person would use under all the circumstances. *Martin v. McCrary*, 115 *Tenn.* 316, 89 *S. W.* 324, 1 *L. R. A.* (*N. S.*) 530; *Railroad v. Fort*, 112 *Tenn.* 432, 80 *S. W.* 429.

[3] When one engages another to thresh his wheat, using a threshing machine with steam as a power, there is an implied obligation on his part both to use due and reasonable care, commensurate with the situation, to prevent loss or danger to the other. *Gillingham v. Christen*, 55 *Ill. App.* 17.

[4] By *Chapter* 243, *Volume* 25, *Laws of Delaware*, *p.* 545, it is provided "that from and after the approval of this act no owner of a traction engine shall use or operate such engine or suffer or permit the same to be used or operated unless there has been securely attached to the smokestack thereof a suitable and sufficient spark catcher or spark protector, which spark catcher or spark protector shall be of a conical or funnel shape and of a heavy

wire material, and of a mesh not larger than one-eighth of an inch, and thereafter no owner of a traction engine as aforesaid shall suffer or permit said engine to be operated without having the smokestack thereof securely protected by such spark protector," etc.

If you should believe from the evidence that the defendant permitted the traction engine in question to be used and operated without having attached to the smokestack thereof a spark catcher or spark protector, of such character as to comply with the statute of the State of Delaware, while such conduct on the part of the defendant would amount to negligence *per se*, nevertheless, before the jury can find for the plaintiff by reason of such negligence, they must be satisfied from the evidence that the loss and damage sustained by the plaintiff, if any, was proximately caused by the plaintiff's conduct in so permitting the traction engine to be used and operated without such spark protector.

[5]   If you should find from the evidence that the defendant was negligent in failing to equip his traction engine with a suitable spark arrester, or was otherwise negligent, yet if the jury should also find from the evidence that the plaintiff was guilty of negligence which proximately contributed to the accident and to the resulting damage and loss, in that event the plaint ff would be guilty of contributory negligence and cannot recover.

If you should believe from the evidence that the plaintiff against warning insisted upon the traction engine being placed in a position dangerously near the stack of wheat which was burned, and that the engine was placed as directed by the plaintiff and the fact of its being so placed proximately contributed to the accident and injury, then the plaintiff cannot recover in this action.

If, however, you should find from the evidence that the defendant engaged to thresh the plaintiff's wheat and that he was guilty of the negligence complained of by the plaintiff and that his negligence was the proximate cause of the damages complained of, your verdict should be for the plaintiff.

[6]   We say to you, gentlemen, that in cases where the evidence is conflicting, it is the duty of the jury to reconcile it if they can.   If they cannot, they should accept that portion of the tes-

timony which they believe to be worthy of credit and reject that which they believe to be unworthy of credit, taking into consideration the apparent fairness of the witnesses as you saw them upon the stand, their intelligence and their knowledge of the things of which they give their testimony. You are to be controlled by the weight or preponderance of the evidence in reaching your verdict. If you find for the plaintiff, your verdict should be for the value of the wheat and straw proved to have been destroyed and also for the value of the damage proved to have been done to that portion of the wheat and straw which was not totally destroyed.

Verdict for defendant.