Mary E. Cecil, William H. Klair, George W. Klair and
   Hannah A. Jackson, vs. Patrick J. Mundy.
   David S. Klair vs. Patrick J. Mundy.

1.  Negligence—Presumptions—Burden of Proof. ·

   Negligence as the basis of an action is not presumed, but must be proved,
and the burden of proving it is on plaintiff.

2.  Negligence—What is "Negligence".

   Negligence is the failure to observe for the protection of another a degree
of care, prudence, and. diligence which. the circumstances justly demand,
whereby such other suffers damages, and is the want of such care as a rea- ·
sonably prudent and careful man would exercise under similar circumstances.

3.  Negligence—Use of Dangerous Appliances—Care Required.

   One using a traction engine, or a steam roller as a traction engine, along a
public road, must use the degree of care commensurate with the danger to
which property along the road is exposed, and must use the care of a reason-
ably prudent and careful man under the circumstances.·

4.  Negligence—Fires—Use of Highways—"Traction Engine"—Stat-
   utory Provisions.

   A steam roller used as a traction engine is within 25 *Del. Laws,* c. 243,
prohibiting the operation of any "traction engine" unless equipped with a
proper spark protector, and such use without a proper spark protector is
negligence *per se;* but, to. authorize a recovery for loss of property caused
by fire, the evidence must show that the loss sustained was proximately
·caused by the negligence. .      ·   :      ·        .     .

5.  Evidence—Weight—Conflicting Testimony.

   Where the evidence is conflicting, the jury must reconcile it if they
can, and if they cannot they must accept the part which they believe to be :
worthy of credit, considering the apparent fairness of the witnesses, their
intelligence, and knowledge, and must be controlled by. the weight or prepon-
derance of the evidence. .

6.  Negligence—Evidence. ·  ··   ,

   Negligence may be proved by direct or circumstantial · evidence.

7.  Evidence—"Circumstantial Evidence".

   Proof by "circumstantial evidence" is the proof of one fact by proving
of other facts; but the fact to .be proved must to the satisfaction of the jury
be reasonably, naturally, and probably inferred from the facts proved.

8.  Damages—Destruction of Property.

   The measure of damages for the destruction of property by fire is the .
value of the. property at the time of the destruction. .

                        (*November* 30, 1914.)  ·

   Judges Boyce and Rice sitting. ·

   *J. Frank Ball, Frank L. Speakman* and *Daniel O. Hastings*
for plaintiffs. .

*Robert H. Richards* and *Aaron Finger* for defendant.

Superior Court, New Castle County, November Term, 1914.

Actions by Mary E. Cecil and others and by David S. Klair against Patrick J. Mundy.  Jury disagreed.

ACTIONS OF ASSUMPSIT (being Nos. 64 and 65, to the January Term, 1913, respectively, tried by agreement of counsel and with the consent of the court, before a jury which was sworn in each case) to recover damages in No. 64 for the destruction by fire of a dwelling house, barn, and other outbuildings belonging to the said plaintiffs, and in No. 65 for the destruction in like manner of certain personal property contained in said buildings, belonging to the said plaintiff, David S. Klair.  It was contended by the plaintiffs in both cases that the said fire was caused by the operation near said buildings of a steam roller used as a traction engine, operated by the servants of, and belonging to the defendant, which contained a defective spark arrester whereby sparks escaped from the smoke stack of said engine, setting fire to straw which caused the burning of the said buildings.

The facts and contentions of the parties appear in the charge of the court.

RICE, J., charging the jury:

Gentlemen of the jury:—By agreement of counsel representing the respective parties you have been impanelled to hear and determine two actions.  Therefore you are called upon to return two separate and distinct verdicts, one in each case.

The first action was brought by Mary E. Cecil, William H. Klair, David S. Klair, George W. Klair and Hannah A. Jackson, plaintiffs, against Patrick J. Mundy, the defendant, to recover damages for the destruction of a dwelling house, barn, coach-house, milkhouse, and sheds of the said plaintiffs, by fire on the eleventh day of November, A. D. 1911, alleged to have been occasioned by the defendant's negligence in running and operating a steam roller, at the time of the fire, being used as a traction engine.

The second action was brought by David S. Klair, plaintiff,

against the same defendant, to recover damages for the loss of certain personal property, mentioned in the declaration, by the same fire, alleged to have been occasioned as above stated.

The buildings and personal property destroyed were located on a farm adjacent to the public road over which the traction engine was being operated at, or about, the time of the fire.

The various acts of negligence charged against the defendant are set forth at length in numerous counts in the declaration filed and we think it unnecessary to enumerate them. We will, however, state to you that the plaintiffs in substance claim that the defendant on the day in question, owned and operated a steam roller as a traction engine upon and along a public highway, in this county, in such an unskillful and negligent manner that sparks or particles of burning fuel were emitted from the smoke stack of the engine, and by them fire was communicated to and destroyed the personal property and buildings of the plaintiffs.

The plaintiffs also claim that the fire was caused by defendant's alleged failure to equip the traction engine with appliances to prevent sparks or particles of burning fuel from escaping from the smoke stack, also by reason of the defendant's failure to provide a spark catcher as provided by law.

The defendant in addition to his general denial of negligence, denies that the buildings and personal property of the plaintiffs were set fire to and destroyed by any act of negligence on his part, and claims that a reasonable inference from the evidence in the case, is, that the fire was caused by some workmen who were, a very short time before the fire, eating their dinners and smoking cigarettes, cigars and pipes near a fodder bin which first caught and communicated the fire to the barn and other buildings.

[1]   These are actions for negligence charged against the defendant. Negligence is the gist of the actions. If you should find there was no negligence on the part of the defendant, the plaintiffs cannot recover. Negligence is never presumed. It must be proved and the burden of proving it is upon the plaintiffs in the action. *Shockley v. McCullough*, 2 *Boyce*, 507, 82 *Atl.* 144.

[2]   Negligence has been defined as the failure to observe

for the protection of the interests of another, that degree of care, prudence and vigilance which the circumstances justly demand, whereby such other person suffers damages. It has been termed the want of ordinary care; that is, the want of such care as a reasonably prudent and careful man would exercise under similar circumstances.

[3] A person engaged in using a traction engine or a steam roller as a traction engine along a public road, is required to use that degree of care and prudence commensurate with the danger to which property along the road is necessarily exposed by him in the use thereof; that is, such care as a reasonably prudent and careful person would use under all the circumstances. *Shockley v. McCullough*, 2 *Boyce*, 504, 82 *Atl.* 144.

[4] *Chapter* 243, *Volume* 25, *Laws of Delaware*, 545, provides that:

"No owner of a traction engine shall use or operate such engine or suffer or permit the same to be used or operated unless there has been securely attached to the smoke stack thereof a suitable and sufficient spark catcher or spark protector, which spark catcher or spark protector shall be of a conical or funnel shape and of a heavy wire material and of a mesh not larger than one-eighth of an inch," etc.

That the steam roller used at the time as a traction engine does not come within the provisions of this statute is not contended by the defendant, and if you should believe from the evidence that the defendant permitted the traction engine, or steam roller, in question, to be used and operated without having attached to the smoke stack thereof a spark catcher, or spark protector, of such character as to comply with the statute of the State of Delaware, while such conduct on the part of the defendant would amount to negligence *per se*, nevertheless, before you can find for the plaintiffs by reason of such negligence, you must be satisfied from the evidence that the loss and damage sustained by the plaintiffs, if any, was proximately caused by the defendant's conduct in so permitting the traction engine or steam roller to be used and operated without such spark protector.

If, however, you believe from the evidence that the defendant was guilty of such negligence and it was the proximate cause of the fire, your verdict should be for the plaintiffs.

[5] In cases where the evidence is conflicting it is the duty of the jury to reconcile it if they can. If they cannot, they should accept that portion of the testimony which they believe to be worthy of credit and reject that part, if any, they believe to be unworthy of credit, taking into consideration the apparent fairness of the witnesses as they appear upon the stand, their intelligence and knowledge of the things of which they give their testimony. The jury is to be controlled by the weight or preponderance of the evidence in reaching their verdict.

[6] Negligence may be proved by either direct or circumstantial evidence, and before you find a verdict in favor of the plaintiffs it is necessary for you to be satisfied by sufficient evidence of either kind that it was the negligence of the defendant which caused the fire.

[7] Proof by circumstantial evidence is the proof of one fact by proving the existence of certain other facts. The fact to be proved by circumstantial evidence must, to the satisfaction of the jury, be reasonably, naturally and probably inferred from the existence of other facts proved.

The first thing for the jury to consider when you retire to your room is what was the cause of the fire. If after considering all the evidence in the case you should find that the plaintiffs' damages were caused by any act of negligence on the part of the defendant as alleged in the declaration, your verdict should be in favor of the plaintiffs. But if you should find that the fire was caused in any other way, it is not necessary for you to further consider the matter, for under such a finding of facts your verdicts should be for the defendant.

[8] If your verdicts are in favor of the plaintiffs you should assess as their damages the value at the time of the fire, of the buildings destroyed by it in one case, and likewise the value of the personal property in the other case. If on the other hand you find for the defendant, your verdict should simply be for the defendant in each case.

The jury disagreed.

Counsel for plaintiffs made application for retrial at the

present term by a special jury, which latter request was opposed by counsel for the defendant. The court announced that the case might be placed at the foot of the calendar for retrial before the general jury, but declined to award a *venire* for a special jury at the present term. *Section* 4, amendment to *Rule* 13, (*Appendix*, 3 *Boyce*, *ix*), and *Rauche v. Blumenthal*, 4 *Penn.* 521, 57 *Atl.* 368.