HERMAN B. ANDERSON, APPELLANT, V. EAST STOCKING THRESHING MACHINE COMPANY ET AL., APPELLEES.

FILED DECEMBER 29, 1924.  No. 22940.

1. **Negligence:** QUESTION FOR JURY. Ordinarily one operating a steam threshing engine liable to emit sparks should first equip such engine with a proper spark arrester, when its use is practicable. Whether such use is practicable is a question of fact for the jury.

2. **Appeal:** AFFIRMANCE. Findings of a jury on disputed ques-

tions of fact, under proper instructions, will not be disturbed unless clearly wrong.

APPEAL from the district court for Saunders county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*E. S. Schiefelbein, H. Emerson Kokjer* and *B. E. Hendricks,* for appellant.

*J. H. Barry, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN and THOMPSON, JJ.

THOMPSON, J.

This action is one to recover damages alleged to have been caused by the destruction of wheat in the stack by fire set by sparks from defendants' engine, owing to their negligence. Plaintiff alleges, in substance, that he entered into a contract with defendants to thresh his wheat, pursuant to which defendants came upon his premises and began threshing, and negligently operated their engine, in that they failed to provide it with a proper spark arrester; that defendants used a 16-horse-power engine to run a 36-inch separator, which engine was too small to furnish sufficient power to run such separator at proper speed without crowding, thus causing the former to emit sparks; that defendants set their engine so that sparks would be carried from it by the wind to the stacks, where the same ignited plaintiff's wheat, which was destroyed through no fault of plaintiff.

Defendants deny any negligence on their part, alleging that the engine and separator were equipped and operated properly; that the engine was of sufficient capacity for use in connection with the separator; that the damage, if any, was caused by plaintiff's negligence in directing the change made in setting the engine, and that plaintiff assumed the risk. Defendants, by not denying plaintiff's allegation that sparks from their engine caused the fire, thereby admit it.

The reply is a general denial. Case tried to a jury, verdict for defendants. Motion for a new trial overruled, judgment entered on the verdict. Plaintiff appeals.

The undisputed evidence necessary to a determination of the questions relied on for reversal is that defendants are an association of farmers formed for the purpose of owning and operating a threshing machine for their own use and benefit, and not for hire. Plaintiff is a farmer living in the same community, who has had experience in operating threshing machines. He had assisted a neighbor in threshing with this machine just before it was moved to his place. Desiring to employ defendants to thresh for him, he entered into a contract with the three defendants now remaining in the case, pursuant to which they came upon his premises with their machine. Plaintiff, as a part of the agreement, was to, and did, select and deliver the coal used to do this threshing. The grain to be threshed was in two rows of stacks, eight or nine feet apart. The wind was in the south, or a little west of south. Defendants' engine was without a spark arrester. They first set the machine, without direction of plaintiff, in such a manner as to cause sparks from the engine to be blown away from the stacks. About 270 bushels were threshed while the machine was so set. There is a direct conflict in the evidence as to why the position of the machine was at this time changed. Defendants testified that plaintiff said the help were compelled to work in the dust as the machine was then set, and that he requested them to change its position to where it sat at time of fire. Plaintiff denies this. However, the undisputed evidence further shows that the change was made, thus placing the engine so that sparks emitted from it would be blown directly toward the stacks. Shortly thereafter, one of the stacks caught fire, and all remaining were consumed.

Considerable expert testimony was adduced by both sides as to the practicability of using a spark arrester on this make of engine when burning the coal which plaintiff had

provided for its use, and as to whether spark arresters were in common use save when threshing with fuel more combustible than coal. This evidence is conflicting, as is that upon the question of whether a 16-horse-power engine operating a 36-inch separator would of itself cause an increase in sparks emitted from the former.

The jury, by finding generally in favor of defendants and against plaintiff, found the disputed questions of fact in favor of the former. There is sufficient evidence to support the verdict, and it precludes us from further consideration of these disputed questions of fact.

Plaintiff offered the following instruction to the jury, which was refused: " You are instructed that the engine operated by the defendants was not equipped with a spark arrester, from which the law presumes the defendants guilty of negligence, and if you find from the evidence that the fire which consumed the plaintiff's wheat was caused by a spark from the defendants' engine, then your verdict should be for the plaintiff, unless you find that the plaintiff was also guilty of negligence which contributed to the fire."

He assigns the refusal as error, citing *Friederich v. Klise*, 95 Neb. 244. A casual consideration of the syllabus in that case paragraph by paragraph, each independent of the other, might cause one to reach the conclusion that for a person to operate a steam threshing engine without a proper spark arrester raises a presumption of negligence in all cases. This, however, is not the correct way to test an opinion, or the conclusion deducible therefrom. It should be taken in its entirety. Considering that case thus, the law announced is that it raises a presumption of negligence to fail to equip such engine with a proper spark arrester when it is *practicable to use one.*

In the instant case, as above stated, the evidence shows that it would have been impracticable, if not impossible, to use a spark arrester while threshing plaintiff's wheat, and we hold that, under the facts disclosed, failure to have

their engine so equipped did not raise a presumption of negligence on the part of defendants.

This instruction refused was faulty in that it took from the jury the question as to whether it was practicable to use a spark arrester on defendant's engine under the evidence introduced, and it was properly refused.

Plaintiff contends that the trial court erred in giving certain instructions on its own motion. Upon examinations we are convinced that this contention is not well taken. The instructions as a whole correctly state the law applicable to the facts, and in a manner not prejudicial to plaintiff.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

Note—See Appeal and Error, 4 C. J. sec. 2836—Negligence, 29 Cyc. pp. 462, 636.