## 16971.   BUGG, receiver, *v.* LANG.

1. Except as set forth in sections 2788, 2789 of the Civil Code (1910), which fix the liability of domestic receivers operating railroads within, or partially within, this State, for injury and damage to persons in their employ, caused by the negligence of coemployees, and for injury and damage to personal property, and provide for suits for such injuries, it is the general rule that before a suit can be maintained against a receiver appointed by the courts of this State it is necessary that the consent of the court appointing him be first obtained. *Hancock* v. *Miller*, 28 *Ga. App.* 387 (111 S. E. 80). With reference to suits against receivers appointed under Federal authority, however, the statutes of the United States are paramount and govern the extent and scope of the liability to suit of a receiver appointed by the Federal courts, and are not governed or circumscribed by State legislation. *Lamb* v. *Whitman*, 17 *Ga. App.* 687 (87 S. E. 1095); *Consolidated Grocery Co.* v. *Bugg*, 28 *Ga. App.* 809 (113 S. E. 60); *Atkinson* v. *Kreis*, 140 *Ga.* 52 (78 S. E. 465); *Bugg* v. *Consolidated Grocery Co.*, 155 *Ga.* 550 (118 S. E. 56). The Judicial Code of the United States, section 66 (U. S. Comp. Stat. 1916, § 1048), provides that "every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed." By this section of the act of Congress it was intended to place suits against railroad receivers appointed by Federal courts on the same plane with suits against railroad companies both in respect of any act or transaction of such a receiver in carrying on the business connected with the property in his hands and in respect of the mode of service of process. Eddy *v.* Lafayette, 49 Federal, 807 (1 C. C. A. 441); *Lamb* v. *Whitman*, supra. While the *application* of the ruling announced by this court in *Lamb* v. *Whitman*, supra, and *Consolidated Grocery Co.* v. *Bugg*, supra, was limited by the Supreme Court in *Bugg* v. *Consolidated Grocery Co.*, supra, the *principle* stated in the *Whitman* and *Bugg* cases remains unaffected, and, under the doctrine announced by all of the cases referred to, the authority extended under the Federal statute for suits in the State courts against Federal receivers is paramount, and is in no wise affected by section 2788 of the Georgia Code, and in any particular case the question of jurisdiction under the Federal statute is determined by an answer to the question as to whether the act or transaction complained of was brought about in carrying on the business connected with the property held by such Federal receiver. Accordingly, the court did not err in refusing, on motion of the defendant, to exclude the testimony complained of on the ground that it sought to set up damages to real estate, occasioned by the operation of the defendant's locomotives and trains.

2. While the evidence did not demand the verdict in favor of the plaintiff, it authorized the finding of the jury that fire was set to the property of the plaintiff by the operation of the defendant's locomotive, and that the defendant was negligent as alleged. This court is, therefore, without

authority to set the verdict aside as being without evidence to support it.

3. It can not be said, as a matter of law, that the amount of the verdict was so grossly excessive as to show bias and prejudice on the part of the jury. *Realty Bond &c. Co.* v. *Harley,* 19 *Ga. App.* 186 (2) (91 S. E. 254). The evidence of the plaintiff tended to establish the amount of his damage at an amount much greater than the verdict returned in his favor.

4. The court charged the jury as follows: "The first issue of fact is, was the fire communicated to the alleged property of the plaintiff by the running of the locomotive or switch engine number 40 of the defendant? The plaintiff contends that it was, and the defendant denies that it was. This denial by the defendant places the burden of proving this fact or issue upon the plaintiff, because, as to this issue, there is no presumption against the defendant, and, under our law, the plaintiff must prove this fact to your satisfaction by a preponderance of the evidence. So your first duty will be to look to the evidence, and, applying the rules of law heretofore given you in charge, ascertain and decide whether or not the plaintiff has carried this burden. If he has failed in this particular, then that would end your consideration of the case, and it would be your duty to return a verdict for the defendant. If you decide this first issue in favor of the plaintiff, however, it will be necessary for you to go further and determine the other issues of fact in the case, and the following principles of law will only be considered by you in the event you determine the first issue against the defendant." Following this excerpt the court gave in charge to the jury the provisions of section 2780 of the Civil Code (1910) relating to the presumption of negligence arising against the defendant thereunder upon proof of injury to the plaintiff's property by the running of the locomotive of the defendant, and correctly charged the jury as to the burden resting upon the defendant under that section and the proof necessary to overcome such presumption, giving the jury the legal definition of reasonable care and diligence, and then stated to the jury the particular grounds of negligence alleged by the plaintiff, concluding his charge upon that subject as follows: "These are, in substance, the grounds of negligence alleged and charged against the defendant in the plaintiff's petition, and, in your consideration of the case, you are limited to these particular grounds, the presumption in each instance being against the defendant, and this presumption is rebutted and overcome when it is shown to your satisfaction, by evidence of the plaintiff or defendant, or by the circumstances in the case, that the defendant in each instance was in the exercise of ordinary and reasonable care and diligence." To the latter excerpt exception is taken on the ground that it tended to confuse the jury and amounted to an expression of opinion on the part of the court that the plaintiff had proved that the fire was set out by the defendant's engine and the presumption of negligence had arisen in the plaintiff's favor, and was prejudicial to the defendant, in that it tended to cause the jury to find a verdict for the plaintiff without legal proof that the defendant had set out the fire. *Held:* Construing in connection with its context the excerpt complained of, the judge must necessarily have intended for the jury to understand that the defendant could not be

**45**

presumed to be guilty of the negligence charged, unless it should first be adjudicated that the defendant caused the injury complained of.

5. While the charge of the court with reference to ascertaining the amount of damages might have been more helpful to the jury had it been more specific in outlining the facts and circumstances which could properly be taken into consideration, yet since the general rule upon the measure of damages was properly stated, and since such special instructions as were actually given were not erroneous, if a more specific detailed charge upon that subject had been desired by the defendant, it should have been requested. *Seaboard Air-Line Ry.* v. *Bishop*, 132 *Ga.* 37 (63 S. E. 785); *High Shoals Mfg. Co.* v. *Price*, 136 *Ga.* 22 (4) (70 S. E. 641).

DECIDED SEPTEMBER 17, 1926.

Damages; from city court of Brunswick—Judge Butts. October 26, 1925.

Application for certiorari was made to the Supreme Court.

*Conyers & Gowen,* for plaintiff in error.

*F. M. Scarlett,* contra.

JENKINS, P. J. W. L. Lang brought suit against Bugg, receiver of the Atlanta, Birmingham & Atlantic Railway Company, for damages alleged to have been sustained by reason of the burning of his planing mill, lumber yard, and various machinery located on his property in the City of Brunswick, and about 50 feet from the line of the defendant's railroad, it being alleged that fire was communicated to the property from a switch-engine of the defendant, and by reason of the negligent equipping and operation of the engine.

It appears from the record that the property of the plaintiff adjoined the tract of, and was near the railroad-yard of, the defendant; there was evidence for the defendant tending to show that the switch-engine had not been within several hundred yards of the property destroyed for two hours or longer previous to the fire. There was also evidence for the defendant from witnesses who examined the engine prior to and on the day after the fire, tending to show that it was properly equipped with spark-arrester and other approved equipment to prevent the escape of fire, and that it was impossible for the engine to emit sparks larger than a grain of rice. There was, however, evidence for the plaintiff that the switch-engine of the defendant was running within a very short distance of the plaintiff's property some twenty or twenty-five minutes prior to the time of the discovery of the fire, and that sparks and particles of fire as large as a man's finger

were coming from the smoke-stack and falling in the mill-yard of the plaintiff and upon his property. There was also evidence that it would have been impossible for sparks and particles of burning coal, as large as those which the plaintiff's witnesses swore were escaping from the engine, to go through a standard spark-arrester.

According to the testimony of the plaintiff, the market value of the property destroyed amounted to more than $30,000. The jury returned a verdict in favor of the plaintiff for $17,500; a motion for a new trial filed by the defendant was overruled, and to this ruling exception is taken.

*Judgment affirmed. Stephens, J., concurs. Bell, J., disqualified.*