22022. YEAGER v. COOLEY.

DECIDED JULY 15, 1932.

*Smith & Millican,* for plaintiff in error. *Willis Smith,* contra.

SUTTON, J. (After stating the foregoing facts.) The defendant contends that the plaintiff failed to make out a case that would entitle him to recover, in that there was no evidence showing any

of the acts of negligence alleged, nor any evidence that the tractor was not equipped with a spark-arrester, or that the spark-arrester was defective, nor any evidence that the tractor was not operated in a careful and proper manner.

In an action for the recovery of damages resulting from a fire kindled on the property of the plaintiff, it is necessary that he shall show that the fire was negligently kindled or guarded. *Talmadge v. Central of Ga. Ry. Co.*, 125 *Ga.* 400 (2) (54 S. E. 128). One making use of fire for the generation of steam or other industrial purposes must use ordinary care to prevent injury to the property of others through the communication of fire by the escape of sparks from a chimney or smokestack. Bryant *v.* Ellis, 222 Ky. 272 (300 S. W. 610) ; York *v.* Cleaver, 97 Me. 413, (54 Atl. 915) ; Lawton *v.* Giles, 90 N. C. 374. Fire is a dangerous agency, and a person using steam power in the operation of a lawful business must use care to prevent the escape of sparks from the smokestack of the engine. Dodd *v.* Read, 81 Ark. 13, 15 (98 S. W. 703). This principle has been applied to tractors and traction engines. Cecil *v.* Mundy, 28 Del. 291 (92 Atl. 850) ; McFarlen *v.* Sayen, 156 Mich. 426 (120 N. W. 794) ; Cook *v.* Doud, 147 Wis. 271 (133 N. W. 40) ; Pulliam *v.* Miller, 108 Neb. 442 (189 N. W. 925). Such care, owing to the proximity of buildings or other circumstances of danger, may demand the taking of precautions to prevent the escape of sparks, such as the employment of spark-arresters. U. S. *v.* Feather River Lumber Co., 26 F. (2d) 936; McFarlen *v.* Sayen, supra; Anderson *v.* East Stocking Threshing Machine Co., 112 Neb. 823 (201 N. W. 642) ; Friederich *v.* Klise, 95 Neb. 244 (145 N. W. 353) ; Lawton *v.* Giles, supra. In Lawton *v.* Giles, supra, it was held that where wood is used to fire the engine, the failure to use a spark-arrester may be deemed negligence.

Evidence to the effect that the tractor in this case was fired with wood, that a continuous stream of large sparks was being emitted from the smokestack thereof; that the tractor passed within 50 feet of plaintiff's house, where he had cotton stored on the porch, emitting these large sparks; that the wind was blowing toward the house; that there was no other source from which a fire would likely originate; and that a few moments after the passage of the tractor fire was discovered in the cotton on the porch of the plaintiff's house, was sufficient to authorize a finding that it was caused by

a spark or sparks from the tractor. *L. & N. R. Co.* v. *Studdard,* 34 *Ga. App.* 570 (130 S. E. 532).

The fact that large sparks were pouring from the smokestack of the tractor in a continual stream, and that the defendant did not offer any evidence to show that the tractor was equipped with any kind of spark-arrester, are circumstances from which a jury might infer that the tractor was not equipped with any kind of spark-arrester or other apparatus to prevent sparks from being emitted from the smokestack. *Bugg* v. *Lang,* 35 *Ga. App.* 704, 706 (134 S. E. 623). In the circumstances of this case, failure of the defendant to equip this tractor with proper apparatus, so as to prevent large sparks from being emitted therefrom in a continual stream, was a failure on his part to exercise ordinary care and diligence.

The fact that the defendant fired the tractor with wood and the fact that these large sparks were pouring from the smokestack of the tractor in a continual stream as it approached the house of the plaintiff would authorize the jury to believe that the defendant knew, or by the exercise of ordinary care could have known, that large sparks were being emitted from the smokestack of the tractor, and if he knew that they were being so emitted and that the wind was blowing from the west toward the plaintiff's house, and, with this knowledge, drove the tractor towards and by the plaintiff's house, he would be guilty of negligence.

We are of the opinion that the verdict was authorized under the law and the evidence, and that the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*