## 53991. BECKNELL v. McCONNELL et al.

DEEN, Presiding Judge.

The appellant brought suit for personal injuries she sustained in falling from the outside steps of a residence which she alleges were negligently maintained in that there was no balustrade; each step consisted of two separate planks, and there were no risers between the steps. The property involved belonged to McConnell. The latter became involved in a divorce action, and the co-defendant, Sherman Fraser, was appointed receiver in that case. On March 26, 1974, the court found Mc-Connell's property to be in jeopardy, apparently because of nonpayment of loan installments, and ordered that "said property and all title incident thereto" be placed in the receiver, who "shall advertise and sell such real property as necessary to satisfy such liens." A subsequent order on June 5, 1974, approved an agreement between the parties to the divorce action that for a 90-day period McConnell have the exclusive right to sell the property, with the receiver authorized to pay from the fund any reasonable expenses necessary to prepare said property for sale as requested by McConnell.

On June 7 the plaintiff, a real estate salesman who had contacted McConnell, fell down the steps while showing the property to a prospective purchaser. Her action was originally against McConnell, but Fraser was subsequently added by court order as a defendant and third-party defendant. His motion for summary judgment was sustained and is here enumerated as error. *Held:*

1. As we understand the record and briefs of the parties, the order granting summary judgment should be

construed as a holding that the receiver is not liable in either his official or individual capacity, without regard to any question of whether the plaintiff's injuries in fact resulted from anyone's negligence in the construction or maintenance of the steps. If the consent of the court was necessary to the bringing of an action against Fraser in his official capacity (see *Bugg v. Lang,* 35 Ga. App. 704 (1) (134 SE 623)) this was obtained by the order of court making him such defendant. Personal liability of a receiver may result from negligent or wrongful acts not within the scope of his authority (see 66 AmJur2d 184, Receivers, § 367) as he is circumscribed by the authority granted him by the court and has no other. A receiver merely for purposes of completing a sale, has no authority to take possession of or otherwise maintain the property. *Wardlaw v. Herrington,* 125 Ga. 828 (1) (54 SE 699). The order of March 26 in the present case specifically directed that the property be *placed in* the receiver, language broad enough to include taking such steps as in the exercise of ordinary care might be necessary for its maintenance during the period of advertisement and sale. Thus, if any negligence exists as a matter of fact it must be shown to consist in a lack of the exercise of ordinary care for its preservation and upkeep for these purposes. It follows that no tort has been alleged against Fraser in his individual, as distinguished from his official capacity. Also, a receiver is liable to persons not beneficially interested in his receivership in his official capacity only. McNulta v. Lochridge, 141 U. S. 327 (12 SC 11, 35 LE 796).

2. A receiver may, however, be liable in his official capacity for damage or injury resulting from lack of ordinary care in the maintenance of property to invitees injured thereby. Code § 105-401. As pointed out above, whether such negligence exists at all, and if so whether it can be chargeable to any lack of care on the part of the receiver, is not decided here. Prior to June 5 the receiver had no express authority to make repairs, and whether or not proper care for the property would have suggested that he request it is a question of fact. See Reinhardt v. Lehman, 288 NYS 770, where recovery for injuries due to falling plaster was sought against a receiver, and it was

held such recovery could be in his official capacity only and that in the event that the negligence alleged related to an act within the scope of his authority. To the same effect see Chiesur v. Superior Court, in and for Los Angeles County, 172 P2d 763, where the plaintiff was injured by a defective door in an apartment house which she alleged to be in the possession and control of the defendant receiver. The court ruled that the action should proceed so that the plaintiff might prove "if she can, that she was injured through the negligence of Mr. Allen as receiver, and to have any judgment which she may recover against him as receiver recognized as a charge against the receivership estate." Again, in Miller v. Everest, 212 NW2d 522, a receiver leased space to a tenant who sustained fatal injuries allegedly resulting from the receiver's failure to have ice and snow removed from the lot. That case held that any liability would be chargeable to the receiver in his official capacity only, and also that, as to a third party who had received no notice of application for discharge, the discharge would be ineffective.

At the present stage of this litigation it is obvious that the trial court properly eliminated any question of personal liability on the part of Fraser. However, construing all inferences in favor of the party opposing the motion, a jury question remains as to his liability in his official capacity.

*Judgment reversed. Webb and Marshall, JJ., concur.*

ARGUED JUNE 6, 1977 — DECIDED JUNE 15, 1977.

*Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., Michael T. Bennett,* for appellant.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Charles Ratz, Susan A. Cahoon, Gettle & Fraser, Sherman C. Fraser, Donald W. Gettle,* for appellees.