A00A1055. 350 MARIETTA, INC. et al. v. REARDON et al.
(542 SE2d 552)

POPE, Presiding Judge.

We granted the interlocutory application in this case to determine whether the superior court erred in transferring this case from Fulton to DeKalb County. For the following reasons, we conclude that the court erroneously transferred the case; thus, we reverse the court's denial of the motion for reconsideration regarding the motion to transfer. Nevertheless, we emphasize that in reaching this decision, we make no determination regarding the underlying substance of this action.

The instant dispute arose out of a receivership action which was initiated in DeKalb County Superior Court. The record shows that on May 20, 1994, and on April 3, 1996, the DeKalb court entered an

order appointing a receiver for various businesses, including those owned by the plaintiffs. The DeKalb court dissolved the receivership, and the receivers filed their final reports and accountings on July 29, 1996. The court discharged the receiver and closed the receivership action on March 21, 1997.

Throughout the course of the receivership action, which involved at least twenty-nine defendants, the court appointed three different receivers. Initially, Andrew Ekonomou was appointed receiver; Kenneth Reardon was then appointed to succeed him; and finally, the court appointed Robert Hooks to replace Reardon.

In September 1997, *before* filing the action in this case, Anthony's Pizza & Pasta, Inc., Grace Anthony on behalf of that corporation, 350 Marietta, Inc., and Michael Anthony, corporations and individuals which had been involved in the receivership action, filed a motion for application for leave to sue the receivers in DeKalb Superior Court. The DeKalb Superior Court denied the motion for leave to sue the receivers. In doing so, the court stated that as of April 7, 1997, it had fully discharged the receiver and had ordered the case closed and that therefore the motion was moot.

In February 1998, 350 Marietta, Michael Anthony, Anthony's Pizza & Pasta, and Grace Anthony ("the plaintiffs"), the four entities which had unsuccessfully moved the DeKalb court to allow an action against the receivers, brought this action. The plaintiffs sued Reardon and Hooks, both individually and in their official capacity as appointed receivers, and Bo Mullins, as agent for the receivers, ("the defendants"), alleging that the receivers had breached their duties as receivers in various ways.[1] In addition to claims for breach of fiduciary duty, the plaintiffs claimed that defendants had been negligent and had acted in bad faith during the receivership. Plaintiffs claimed that during the period the businesses were under receivership, operating losses totaled more than $361,000.

Defendants filed a counterclaim, alleging that plaintiffs harassed and intimidated plaintiffs' employees and tortiously interfered with their ability to operate the businesses during the receivership. Defendants then filed a motion to dismiss the action or, alternatively, to transfer the action to DeKalb County. Defendants argued that because the lawsuit arose from the same subject matter as the receivership action, DeKalb County was the proper venue for the action. The superior court granted the motion to transfer and denied the plaintiffs' subsequent motion for reconsideration. This court granted plaintiffs' application for interlocutory review of the denial of

---

[1] Defendants claim that several other lawsuits involving the same receivership are pending in Fulton County.

the motion to reconsider.

The following facts concerning the issue of venue are undisputed: defendant Hooks is a resident of Fulton County; defendants Reardon and Mullins are residents of Clayton County.

Here, plaintiffs argue that the transfer order is erroneous because it transfers the case to a county in which no defendant resides, contrary to the provisions of the state constitution. They also argue that there was no authority for transferring the case under OCGA § 9-10-50. As they did in the court below, defendants cite the provisions regarding the exclusive jurisdiction of the receivership court and argue that because DeKalb County had exclusive jurisdiction over the receivership, it was the only proper venue for this action.

We conclude that the court erred in transferring the case to DeKalb County and that therefore it erred in denying the motion for reconsideration of this action. While it is true that the statutory framework regarding receiverships contemplates that a single court maintain exclusive jurisdiction of the receivership during its pendency, in this case the receivership was closed when the complaint was filed, and the plaintiffs sued the receivers both in their individual and official capacities. Thus, the provisions of OCGA §§ 14-2-1432[2] and 9-8-8 (a)[3] were inapplicable.

Despite the statutory framework, this case is not one arising during the receivership. In fact, as stated above, the DeKalb County court refused to allow plaintiffs to pursue a motion for application for leave to sue the receivers in their official capacity in DeKalb Superior Court. In doing so, the court stated that as of April 7, 1997, it had fully discharged the receiver and had ordered the case closed and that therefore the motion was moot. Accordingly, any suit which the plaintiffs attempt to bring here is governed by ordinary rules of venue for suits alleging breach of fiduciary duty, negligence, and bad faith.

The Georgia Constitution provides: "suits against joint obligors, joint tort-feasors, joint promisors, copartners, or joint trespassers residing in different counties may be tried in either county." Ga. Const. of 1983, Art. VI, Sec. II, Par. IV. OCGA § 9-10-31 reiterates that venue is proper in any county in which "one or more of the

---

[2] OCGA § 14-2-1432 pertaining to judicial dissolution provides: "[t]he court appointing a receiver or custodian has exclusive jurisdiction over the corporation and all its property wherever located." OCGA § 14-2-1431 sets forth the venue provisions for judicial dissolution proceedings. It is not clear from the record here that the provisions of these statutes were involved.

[3] That statute provides: "[t]he receiver is an officer and servant of the court appointing him, is responsible to no other tribunal than the court, and must in all things obey its direction."

defendants reside."[4] Accordingly, once the receivership had ended, a subsequent suit was proper only in the residence of the defendants. Compare *Roberts v. Fed. Land Bank of Columbia*, 180 Ga. 832 (2) (181 SE 180) (1935) ("[t]he court by the continuing receivership had jurisdiction to make a final disposition of the property. . . ."). See generally *Sanders v. Culpepper*, 226 Ga. 598 (176 SE2d 83) (1970) (bankruptcy trustee of insolvent corporation seeking to recover unpaid stock subscriptions brought in county of a defendant's residence).

We also reject any argument that the transfer was proper under OCGA § 9-10-50 (b), which the court cited in its order transferring the case because the provisions of that section are inapplicable here.

The procedural posture of the case is such that we are addressing only the venue question. We express no opinion as to whether plaintiffs can pursue this action in light of the dissolution of the receivership action and the DeKalb court's denial of plaintiffs' motion for permission to pursue the action. With respect to these issues, see *Fibertex, Inc. v. Caldwell*, 236 Ga. 136, 137 (223 SE2d 111) (1976); *Stephens v. Augusta Tel. &c. Co.*, 120 Ga. 1082 (48 SE 433) (1904); *Hollifield v. Wrightsville &c. R. Co.*, 99 Ga. 365 (27 SE 715) (1896); *Becknell v. McConnell*, 142 Ga. App. 567 (236 SE2d 546) (1977); *Bugg v. Lang*, 35 Ga. App. 704 (134 SE 623) (1926).

*Judgment reversed. Miller and Mikell, JJ., concur.*

DECIDED NOVEMBER 16, 2000.

*David L. Miller, Sharon M. Lewonski*, for appellants.
*Swift, Currie, McGhee & Hiers, Mary D. Owens, Kenneth L. Baer*, for appellees.

---

[4] This statute has been revised with respect to actions filed after July 1, 1999.